**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMAR B. PERRY, | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 06-1560 |
| | ) | Chief Judge Joy Flowers Conti/ |
| SUPERINTENDENT, SCI- | ) | Magistrate Judge Maureen P. Kelly |
| GRATERFORD; ATTORNEY GENERAL) | | |
| OF PENNSYLVANIA; DISTRICT | ) | |
| ATTORNEY, BEAVER COUNTY, | ) | Re: ECF No. 31 |
| Respondents | ) | |

## REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that "Jamar Perry's Independent Action for Relief From

Final Order or, in the Alternative, Motion for Relief From Final Order Pursuant to Rule 60

F.R.Civ.P" (the "Motion"), ECF No. 31, be denied.

## II. REPORT

### A. Procedural History

Jamar Blaine Perry ("Petitioner"), a state prisoner, had previously filed a habeas petition

pursuant to 28 U.S.C. § 2254 on November 22, 2006 (the "2006 Petition"). ECF No. 1.[1]  The

2006 Petition was denied by this Court on February 29, 2008, because it was untimely filed

under the applicable statute of limitations or, in the alternative, as having been procedurally

---

[1]  Petitioner was convicted by a jury of murder in the first degree, robbery, receiving stolen
property and criminal conspiracy.  H was sentenced to life in prison.  ECF No. 31 at 5.  The 2006
Petition was not the first habeas petition, attacking his murder conviction in this Court.
Petitioner had earlier filed on November 24, 2003, a Petition for Writ of Habeas Corpus in this
Court attacking that same conviction (the "2003 Petition").  Perry v. The District Attorney of
Beaver County, No. 03-1798 (W.D. Pa.).  The 2003 Petition was dismissed without prejudice for
failure to exhaust state court remedies, given that Petitioner had a pending PCRA petition in state
court on November 24, 2003.

defaulted. ECF Nos. 27 and 28.[2]  The order denying the 2006 Petition was filed on February 29, 2008. ECF No. 28. On June 4, 2014, more than six years later, Petitioner, through privately retained counsel, has now filed the instant Motion. The Motion was served upon the Respondents and they were ordered to file a response. Respondents filed their response in opposition. ECF No. 34. Petitioner, through counsel, filed a reply, asserting, *inter alia*, that on May 16, 2013, Petitioner was ruled incompetent to stand trial on charges of assault by Judge Jeffrey Manning of the Court of Common Pleas of Allegheny County and arguing that such a finding merits equitable tolling for the entire period that Petitioner would need to have tolled in order for his 2006 Petition to be timely.

Because Petitioner fails to carry his required burden to show extraordinary circumstances in order to merit relief under Federal Rule of Civil Procedure 60(b), the Motion should be denied. In addition, because Petitioner fails to meet the high standards to merit relief as an independent action in equity, relief should be denied. Alternatively, because the Motion attacks only one of two grounds upon which the Court denied the 2006 Petition, Petitioner fails to show that the Court erred as to the second alternative ground for denying the 2006 Petition.

---

[2] A Report and Recommendation was issued on January 31, 2008 by Magistrate Judge Amy Reynolds Hay recommending dismissal of the 2006 Petition. ECF No. 27. The Report and Recommendation was adopted as the opinion of the Court by Judge Gary Lancaster on February 29, 2008. ECF No. 28. An order of judgment was then entered in favor of Respondents. ECF No. 29.

**B. Discussion**

In the Motion, Petitioner seeks relief on two grounds.

> A. TRIAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE FOR FAILING TO CONSULT WITH PETITIONER ABOUT THE ADVANTAGES AND DISADVANTAGES OF FILING THE NOTICE OF APPEAL.

ECF No. 31 at 15.

> B. PRINCIPLES OF EQUITABLE TOLLING APPLY TO THIS CASE.

Id. at 17.

The precise issue of trial counsel's ineffectiveness for failing to consult Petitioner about

filing a notice of appeal does not appear to have been raised in the 2006 Petition.[3] The issue of

---

[3] The 2006 Petition raised the following issues:

1. Trial [and] Appellate counsel was ineffective for (1) failing to file a memorandum of law supporting Petitioner[']s post sentence motions by July 23, 1999, and appearing for argument orally thereon as directed by the trial court; and (2) for abandoning Petitioner without leave of Court or Notice of Withdrawal being provided or filing [a] timely notice of appeal of Petitioner's claims.
2. Trial counsel was ineffective for the following reasons: (1) Relying on the Commonwealth[']s investigation of the case as the basis of the defense case (2) Failing to effectively cross examine the state wittnesses [sic], Markus Parham, Marlo Cleckley and Tricia Cleckley (3) Failing to call Marlo Cleckley as a defense witness and (4) Impermissibly eliciting prejudicial testimony from state witness, Gregory Snedexer, during cross examination.
3. Trial counsel was ineffective for failing to object to; (1) the prosecutor[']s prejudicial leading questions to wittness [sic], Markus Parham on direct; (2) The prosecutor's use of hearsay testimony from Mr. Parham on direct; (3) Prosecutor[']s improper use of prior consistent statements of Mr. Parham on direct which were irrelevant and prejudicial; (4) The unidentified and prejudicial reference by Mr. Parham and [the] prosecutor to "he" and "his' during direct examination; and (5) The prosecutor[']s use of hearsay testimony by Shelia Cooper, Mr. Parham's aunt and her characterization of Parham's account as truth.

(…footnote continued)

entitlement to equitable tolling was raised by Petitioner and addressed by Magistrate Judge Hay in the Report and Recommendation (the "Report") issued on January 31, 2008. ECF No. 27. In the Report, the Court found that Petitioner failed to carry his burden to prove entitlement to equitable tolling. ECF No. 27 at 12 - 18. As a second alternative ground for denying the 2006 Petition, the Court found that Petitioner had procedurally defaulted all of the claims he sought to raise because the PCRA petition that he filed in the state courts was held to be time barred under state law. Petitioner did not file objections to the Report and Judge Lancaster adopted the Report as the opinion of the Court.

Based on the fact that the Court denied the 2006 Petition on two grounds, even if Petitioner could establish that this Court erred in finding Petitioner was not entitled to equitable tolling, it would do nothing to the second ground for denying the 2006 Petition, namely that he procedurally defaulted all of his claims. Petitioner does not address this second ground for denial

---

4. Trial counsel was ineffective for failing to call, Robert Gibbons as [a] defense wittness [sic]

5. Trial counsel was ineffective for (1) calling Anwar Hasan, as a defense witness; and (2) thereafter engaging in a closing argument ridiculing his testimony before the jury and referencing to it as "real convenient" (i.e., unbelievable).

6. Trial counsel was ineffective for (1) Failing to object to certain improper and highly prejudicial remarks by the prosecution during its closing argument; and (2) Failing to object to the court[']s chosen jury charge that was favorable to the Commonwealth and prejudicial to [the] defense to the denial of a fair trial.

7. Trial prosecutor committed misconduct by engaging in a closing argument that (1) convoluted the facts; and (2) misstated the testimony and evidence in the case to the point of a denial of a fair trial.

ECF No. 2 at 2 - 3.

of the 2006 Petition and, as such, fails to establish that the decision to deny the 2006 Petition was erroneous at least as to the ground of procedural default.

### 1. Petitioner is not entitled to Rule 60(b) relief.

The Antiterrorism and Effective Death Penalty Act, ("AEDPA") bars state prisoners from bringing second or successive Section 2254 habeas petitions in the United States District Courts without first obtaining permission from the relevant United States Court of Appeals. 28 U.S.C. § 2244(b). Since the AEDPA's enactment, federal courts had been facing the difficult task of determining whether a motion ostensibly filed pursuant to Fed.R.Civ.P. 60(b) was truly, in law and in fact, a Rule 60(b) motion or whether it was a second or successive Section 2254 habeas petition.

The United States Supreme Court addressed this issue in the case of Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). There, the Court found that Rule 60(b) may not be used by habeas petitioners to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. The Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532.

In considering the instant Motion, this Court must first determine whether the Motion is truly a Rule 60(b) motion or, in fact, a veiled attempt at a second federal habeas petition. See United States v. Dowell, 438 F. App'x 706, 708 (10th Cir. 2011) ("We must first decide whether Dowell's motion is properly characterized as a Rule 60(b) motion or whether it is actually a second or successive habeas petition under 28 U.S.C. § 2255(h).").

5

**a. As to the claim of ineffectiveness of counsel, the Motion is barred as a second of successive habeas petition.**

We find that to the extent Petitioner seeks to raise the issue now that trial counsel was constitutionally ineffective for failing to consult with Petitioner about the advantages and disadvantages of filing the notice of appeal, the present Motion is a second or successive habeas petition because it raises a new ground for relief within the contemplation of Gonzalez v. Crosby.

As such, this claim of trial counsel's ineffectiveness cannot be addressed until and unless Petitioner obtains leave to file a second or successive habeas petition from the United States Court of Appeals for the Third Circuit. Berry v. Klem, 86 F. App'x 516, 517 (3d Cir. 2004) ("Section 2244(b) is effectively 'an allocation of subject-matter jurisdiction to the court of appeals.' Thus, '[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.'") (citations omitted). Because Petitioner has not shown that he has received such permission, this claim must be dismissed due to this Court's lack of subject matter jurisdiction over this claim. Goins v. Beard, No. Civ.A. 09-1484, 2010 WL 545891, at *5 (W.D.Pa. Feb. 9, 2010) ("it is Petitioner's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court, and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant petition for lack of subject matter jurisdiction") (footnote omitted).

## 2. As to the invocation of equitable tolling, Petitioner is not entitled to relief.

To the extent that Petitioner's second alleged ground for the pending Motion seeks to invoke equitable tolling, the Motion may not be a second or successive habeas petition because it does not raise a new ground for relief. Instead, Petitioner asserts that the prior determination that Petitioner was not entitled to equitable tolling was erroneous. ECF No. 31 at 20 ("The district court erred when it failed to equitable tolling [sic] . . . ."). However, even if the Motion is properly addressed as a Rule 60(b) Motion, Petitioner fails to carry his heavy burden to show entitlement to relief thereunder. Specifically, Petitioner fails to show that the Court's ruling in 2008 that he failed to carry his burden to show entitlement to equitable tolling was erroneous.

Petitioner invokes both subsections Rule 60 (b)(5) and (b)(6). ECF No. 31 at 1.[4] A motion under subsections (b)(5) and (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." Gonzalez v. Crosby,

---

[4] Fed.R.Civ.P. 60(b) provides that

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

545 U.S. at 535 (addressing Rule 60(b)(6)); <u>Inmates of Allegheny County Jail v. Wecht</u>, 754 F.2d 120, 127 (3d Cir. 1985)(addressing Rule 60(b)(5)).

Petitioner's argument as to what the extraordinary circumstances are to justify relief under Rule 60(b) is not clear. It appears that Petitioner may be making two arguments for extraordinary circumstances. First, Petitioner seemingly suggests that there has been a change in the law since this Court denied his 2006 Petition. ECF No. 31 at 3 - 5. Second, Petitioner seemingly suggests that due to his alleged life-long uninterrupted mental illness, he should be entitled to equitable tolling. ECF No. 31 at 19 - 20. For the reasons that follow, both of these arguments are without merit.

### a. There was no intervening change in the law.

Petitioner argues that since the time that this Court denied his 2006 Petition in 2008 and found that he was not entitled to equitable tolling of AEDPA's statute of limitations, the United States Supreme Court has changed the law in the area of equitable tolling. Specifically, Petitioner argues that <u>Holland v. Florida</u>, 560 U.S. 631 (2010) "held that there is a presumption in favor of equitable tolling." ECF No. 31 at 3. Petitioner asserts that "following **Holland**, the overwhelming majority of appellate courts have ruled in favor of equitable tolling for prisoners on a case-by-case basis." <u>Id</u>. at 4. It is not entirely clear what point Petitioner is trying to make by these statements.

To the extent Petitioner is arguing that the Supreme Court held in <u>Holland</u> that the AEDPA statute of limitations is subject to equitable tolling, <u>Holland</u> did not establish any new law insofar as the previous proceedings are concerned because the Report concluded that the

AEDPA's statute of limitations was capable of being equitably tolled. ECF No. 27 at 12 ("The court notes that the common-law doctrine of equitable tolling can apply to AEDPA's statute of limitations.") (citing Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616 (3d Cir. 1998)). Thus, there is no error in the prior proceedings under Holland nor is there any new law since the prior proceedings. In light of the Report's acceptance that equitable tolling can apply to AEDPA's statute of limitations, it is difficult to understand what precisely Petitioner is arguing.

It may be that Petitioner means to say that this Court previously erred by not giving Petitioner the benefit of a presumption in favor of equitable tolling, with the consequence of such a presumption being that the burden of production would initially be placed upon the Respondents to show that Petitioner was not entitled to equitable tolling.[5] If this is what Petitioner is arguing, Petitioner is simply mistaken about the import of Holland.

---

[5] As explained by the United States Court of Appeals for the Third Circuit,

> Under Rule 301 of the Federal Rules of Evidence, a presumption in a civil case imposes on "the party against whom [it] is directed ... the burden of producing evidence to rebut the presumption," but it "does not shift the burden of persuasion, which remains on the party who had it originally." Fed.R.Evid. 301. By introducing evidence to rebut a presumption, the introducing party "destroys that presumption, leaving only that evidence and its inferences to be judged against the competing evidence and its inferences to determine the ultimate question at issue." Cappuccio v. Prime Capital Funding LLC, 649 F.3d 180, 189 (3d Cir. 2011) (internal quotation marks omitted).

Vazquez v. Caesar's Paradise Stream Resort, 524 F. App'x 831, 833 (3d Cir. 2013).

The issue in <u>Holland</u> was whether equitable tolling is available to toll the AEDPA statute of limitations. The Supreme Court in <u>Holland</u> held that equitable tolling is available to toll the AEDPA statute of limitations. In the course of the majority opinion, and in response to the dissent, the majority in <u>Holland</u> held that "a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling.'" <u>Holland</u>, 560 U.S. at 645-46. (quoting <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 95–96 (1990)). Thus, the holding of <u>Holland</u> is simply that non-jurisdictional statutes of limitations, such as the AEDPA's statute of limitations, are subject to a rebuttable presumption that equitable tolling is available to toll the statute of limitations.

To the extent that Petitioner reads <u>Holland</u> to mean that there is a rebuttable presumption that any given litigant, such as Petitioner, subject to the statute of limitations, is presumed to have shown entitlement to equitable tolling and the burden is on the Respondents to adduce evidence to the contrary, Petitioner misreads <u>Holland</u>. It has always been the burden of both production and persuasion of a person, claiming entitlement to equitable tolling, to show that he is entitled to such tolling, and there is no presumption that the statute of limitations is, in fact, equitably tolled in any particular case. The Supreme Court made clear in <u>Holland</u> that the burden lies with the litigant claiming entitlement to equitable tolling: "We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Id</u>. at 649 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) (emphasis deleted by the <u>Holland</u> Court)).

This was the very test previously applied by this Court to determine that Petitioner did not carry his burden to show entitlement to equitable tolling.  ECF No. 27 at 13 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) for the proposition that "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").  Accordingly, we reject Petitioner's contention that there has been an intervening change in the law that is of any consequence to the decision denying his 2006 Petition, including the decision that he was not entitled to equitable tolling.  Accordingly, Petitioner fails to carry his burden to show entitlement to relief under Fed.R.Civ.P. 60(b) based on the argument that there was an intervening change in the law justifying relief herein.

### b. Petitioner's mental illness does not warrant relief.

We next consider Petitioner's contention that somehow his unspecified "life-long uninterrupted history of serious mental illness," ECF No. 31 at 19, excused his failure to comply with the AEDPA statute of limitations and the existence of such mental illness in and of itself merits the grant of equitable tolling in Petitioner's case.  We note that Petitioner did not raise his alleged mental illness prior to the instant Motion in these proceedings so as to invoke equitable tolling. <u>See</u> Report, ECF No. 27 at 12 ("The only argument Petitioner mounts is that he is entitled to equitable tolling of AEDPA's statute of limitations. Petitioner argues that he is entitled to equitable tolling 'because Petitioner had no knowledge at the time that his trial/appellate counsel had abandoned him until approximately three (3) weeks prior to the petitioner getting another inmate to prepare the post conviction relief act (PCRA) petition that

was filed on or about September 10, 2001. Therefore, in light of the exceptional circumstances of trial/appellate counsel's abandonment and the Commonwealth's withdrawal of their commitment to 'join' petitioner[']s request to the PCRA court to allow him to file his direct appeal, nunc pro tunc to the Pennsylvania Superior Court, as proclaimed in Petitioner's federal proceedings . . . Petitioner argues that the time period should be equitably tolled.' Dkt. [2] at 11 to 12.").

Furthermore, we note that the mere assertion of "mental illness" without more is insufficient to show extraordinary circumstances so as to justify relief under Rule 60(b) and also insufficient to show extraordinary circumstances so as to justify equitable tolling. What Petitioner must show in order to merit entitlement to equitable tolling is that his mental illness was the causal factor that prevented him from filing in a timely manner. As the United States Court of Appeals for the Third Circuit explained: "A petitioner must show that 'some extraordinary circumstance *stood in his way and prevented timely filing*.'" Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013) (quoting Holland, 560 U.S. at 649) (emphasis added by the Ross court and internal quotation marks omitted). The Court of Appeals noted that "[t]o secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline. . . . The prisoner must show that the extraordinary circumstances were the cause of his untimeliness. . . . The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary

circumstances.").  Ross, 712 F.3d at 803 n. 1 (citations omitted).  Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996) (reiterating the rule that "mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them").

Even Petitioner's invocation of the fact that the Court of Common Pleas of Allegheny County found, on May 16, 2013, Petitioner incompetent to stand trial on recent criminal assault charges does not carry his burden to show entitlement to equitable tolling.  ECF No. 35 at 1 - 2. The Court of Appeals has explained "mental incompetence is not a *per se* reason to toll a statute of limitations[.]" Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), *abrogation on other grounds recognized in*, Brooks. v. Walls, 301 F.3d 839, 841 (7th Cir. 2002).  Indeed, Petitioner fails to explain why a finding of incompetence in May 2013, entitles him to have the statute of limitations tolled for any period before that time or for the critical periods of time noted in the January 31, 2008 Report, namely from August/September 1999 (after the post sentence motions were denied) to September, 2001 (when Petitioner, acting pro se, finally filed his first PCRA petition).  Even though Petitioner was declared incompetent in May 2013, it is clear that he was not incompetent when he proceeded pro se during the PCRA hearing held on December 2, 2004 or when he filed pro se his first habeas petition in this Court on November 23, 2003 (which was eventually dismissed for failure to exhaust state court remedies, given that Petitioner had a pending PCRA petition at the time of the filing of the first habeas petition in this court.  Perry v. The District Attorney of Beaver County, No. 03-1798 (W.D. Pa.).

Petitioner fails to carry his burden to show that his unspecified mental illness and/or his later declared mental incompetence caused him to be unable to file a habeas petition in a timely manner. Petitioner fails to explain why he was able to obtain help now from privately retained counsel notwithstanding his mental illness or his later declared incompetence but he was unable to do so earlier. Petitioner fails to explain when he started to seek such assistance. Moreover, Petitioner continues to fail to explain why, notwithstanding his mental illness or later declared mental incompetence, he was able to obtain assistance in preparing a PCRA petition from a fellow inmate way back in August- September 2001. ECF No. 27 at 14 (noting that, in approximately August 2001, Petitioner was able to obtain the assistance of another inmate in preparing a PCRA petition). Petitioner utterly fails to explain why he was able to obtain help to do so then but not able to obtain help to file his Section 2254 habeas Petitions sooner than he had. Petitioner fails to explain why his mental illness or later declared incompetence did not prevent him from obtaining help to file his two Section 2254 Petitions in this Court or why his mental illness or later declared mental incompetence prevented him from seeking assistance earlier than he did. As the Report persuasively explains:

> As noted above, to show entitlement to equitable tolling, Petitioner must demonstrate that he acted with reasonable diligence throughout the time he seeks to have tolled. Warren v. Garvin, 219 F.3d at 113. Here, that time period would include from August-September 1999 up to, at least, September 2001, when the PCRA petition was filed. The second problem with Petitioner's argument that he only learned sometime in roughly August of 2001 that Attorney Jones abandoned him is that the argument does nothing to show that he acted with reasonable diligence during the time from August-September 1999 until September 2001. First, Petitioner does not explain how he learned of the alleged fact that Attorney Jones had "abandoned" him. This is a glaring omission, especially if he discovered such by making an inquiry, as he fails to explain why he did not earlier

make such an inquiry. Nor, does Petitioner explain why he waited for nearly two years to make any inquiries about the status of his case. These failures of explanation are simply insufficient to carry Petitioner's burden to show entitlement to any equitable tolling.

ECF No. 27 at 16 - 17.[6]

Similarly, in the present Motion, Petitioner utterly fails to explain why his mental illness or later declared mental incompetence either previously prevented him from filing his Petition in a timely manner or how those conditions constitute extraordinary circumstances so as to justify

---

[6] Moreover, the public record affirmatively contradicts Petitioner's assertion that "[h]is documented mental illness combined with the extraordinary denial of access to any means to prepare a legal document and or to confer with another person who might assist him must be regarded as 'an extraordinary circumstance that stood in his way of complying with the statute of limitations." ECF No. 35 at 3. To the extent this statement intends to suggest that Petitioner's time spent in the Restricted Housing Unit (since either 2001 or 2003, ECF No. 35 at 2) together with his mental illness prevented him from filing legal documents or denied him access to the courts, this Court is unpersuaded. The record in Petitioner's 2003 Petition, Perry v. The District Attorney of Beaver County, No. 03-1798 (W.D. Pa.), shows that Petitioner filed a pro se habeas petition on November 24, 2003, in addition to a brief, and that on January 29, 2004, he filed what he called "objections" to the Answer, which was, in essence, a traverse. In addition, the state court record of Petitioner's PCRA petition shows that on September 1, 2001, Petitioner filed his pro se PCRA petition and counsel was thereafter appointed but the PCRA court permitted Petitioner to proceed pro se at the PCRA hearing that was held on December 2, 2004, with stand by counsel, because Petitioner requested to proceed pro se. See ECF No. 25 (transcript of PCRA hearing where Petitioner represents himself). Moreover, even before the PCRA hearing and while represented by PCRA counsel, Petitioner filed many pro se motions. Id. at 4, lines 2 – 5 ("Since that time, the court scheduled the matter for a hearing, received several pro se motions from Mr. Perry himself"). In addition, after the PCRA trial proceedings, Petitioner, proceeding pro se on appeal, filed on May 24, 2005, a 101 page brief in the Superior Court, ECF No. 13-3 at 15 to ECF 13-5 at 39. Thereafter, in November 2005, Petitioner filed a pro se Petition for Allowance of Appeal in the Pennsylvania Supreme Court. ECF No. 13-7 at 1 – 22. All of this affirmatively rebuts Petitioner's assertion that he suffered a "denial of access to any means to prepare a legal document or to confer with another person who might assist him[.]"

either relief under Rule 60(b) or entitlement to equitable tolling now.[7] Even with the aid of

counsel, Petitioner has utterly failed to show either, how his alleged life long history of mental

illness or his later declared mental incompetence prevented him from filing in a timely manner or

how such conditions establish the extraordinary circumstances necessary to justify relief under

Rule 60(b).

### 3. Petitioner fails to merit relief as an independent action in equity.

Petitioner also seeks, as alternative relief, to have this Court treat the present filing as an

"independent action for relief from final order." However, this reference appears only in the

heading on the first page of the Motion, and Petitioner does not further advance any argument or

---

[7] Petitioner asserts that "[i]t is well settled that an incompetent person cannot be forced to prove his incompetence. ***United States v. Hollis***, 569 F[.]2d 199 (3d Cir. 1977). The Commonwealth's prison system has total access to petitioner's records and can easily confirm the existence of serious mental health issues referred to herein." ECF No. 31 at 19. See also ECF No. 4 at 4 – 5. To the extent that Petitioner means to suggest Petitioner does not bear the burden of proving both that he is mentally ill and that the mental illness caused him to be unable to timely file and hence, he is entitled to equitable tolling, Petitioner is simply mistaken as to the burden he bears to show entitlement to equitable tolling. This is true notwithstanding that, as in Holland, a criminal case, it is the burden of the prosecution to prove competence to stand trial. The present habeas petition is not a criminal case and so the burden does not rest on the Respondents to prove Petitioner's competence. It is Petitioner's burden to prove both his mental illness and its causal relationship to his failure to meet the AEDPA statute of limitations during the relevant time periods. See Hill v. Diguglielmo, No. 09–1804, 2010 WL 4812997at *1 (E.D.Pa. Nov. 24, 2010) ("While Hill has asserted that he is entitled to equitable tolling of AEDPA's one-year limitations period based on his mental illness, he has not carried his burden of proving the existence of such illness between November 3, 2000, when the one-year limitations period would have expired absent equitable tolling, and August 7, 2008, when the instant petition was filed"). We note in passing that Petitioner's conduct of the PCRA evidentiary hearing pro se belies any claim that Petitioner's mental illness was so severe as to prevent him from proceeding pro se therein or that his mental condition was so serious as to prevent him from filing his first habeas petition in 2003. ECF No. 22 at 45 to 55 and ECF No. 22-1 at 1 to 15.

citation in support of entitlement to an independent action for relief. As such, we deem this issue

to be waived. <u>Puri v. Attorney General of United States</u>, 516 F. App'x 186, 189 (3d Cir. 2013)

("Petitioners arguably have waived any challenge to the denial of Ritu's CAT claim by failing to

develop any argument in that regard").

Even if not waived, we find Petitioner has failed to carry his burden to show entitlement

to such relief. As explained by one treatise: "[t]he essential elements of an independent action

to set aside a judgment are: (1) a judgment which ought not, in equity and good conscience, to

be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded;

(3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the

benefit of his or her defense; (4) the absence of fault or negligence on the part of the defendant;

and (5) the absence of any adequate remedy at law." 21A Fed. Proc., L. Ed. § 51:186 (footnotes

omitted).

As the discussion above concerning Petitioner's failure to show entitlement to relief

under Rule 60(b) makes clear, Petitioner fails to establish that he has a good defense (such as

equitable tolling) to the judgment against him in the habeas proceedings, he also fails to establish

any fraud or mistake or accident which prevented him from obtaining the benefit of his defense,

i.e., the defense of equitable tolling so as to come within the AEDPA statute of limitations, and

he certainly has not established the absence of fault on his behalf, given that the Report found

that it was Petitioner's fault for not bringing the 2006 Petition within the statute of limitations.

**4. Petitioner fails to show that he did not procedurally default his claims.**

In the alternative, even if we were persuaded that this Court erred in finding his 2006 Petition to be untimely filed, Petitioner would not be entitled to relief because he fails to show that this Court erred in its second holding that he procedurally defaulted his claims. As noted above, the Report provided two alternative grounds for denying the 2006 Petition: 1) it was untimely filed under the AEDPA statute of limitations or 2) Petitioner procedurally defaulted his claims because his PCRA petition was held to be time barred under state law. ECF No. 27 at 18 ("In the alternative, even if the petition were not time barred, Petitioner has procedurally defaulted his claims and the petition should be dismissed on the ground of procedural default."). In the presently pending Motion, Petitioner only attacks the first ground, namely, asserting that the Court erred in finding his 2006 Petition to be untimely filed under the AEDPA statute of limitations. Even if we were persuaded that this Court erred in finding the Petition to be untimely filed under the AEDPA statute of limitations, Petitioner fails to argue, yet alone establish that this Court erred in finding that he procedurally defaulted his claims. Where two independent grounds are provided for a given disposition and only one ground is attacked, given that the other ground is not attacked or undermined, as a matter of logic, the disposition remains adequately supported. For this reason alone, Petitioner fails to carry his burden to show entitlement to any relief herein.

## III. CONCLUSION

Accordingly, whether treated as a Motion for Relief under Fed.R.Civ.P. 60(b) or as an independent action in equity, because Petitioner fails to establish entitlement to relief from the

habeas judgment against him as explained above, it is respectfully recommended that the instant Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date:   September 2, 2014

                                                            Respectfully submitted,

                                                            s/Maureen P. Kelly
                                                            MAUREEN P. KELLY
                                                            UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Joy Flowers Conti
        Chief United States District Judge

        All Counsel of Record via CM-ECF