IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR B. PERRY,  )<br>            Petitioner  )<br>                    )<br>   vs.  )<br>                    )<br>SUPERINTENDENT, SCI-  )<br>GRATERFORD; ATTORNEY GENERAL )<br>OF PENNSYLVANIA; DISTRICT  )<br>ATTORNEY, BEAVER COUNTY,  )<br>            Respondents  ) | Civil Action No. 06-1560<br><br><br><br>Re: ECF Nos. 31, 36 & 37 |

## MEMORANDUM OPINION

**Conti, Chief Judge**

The petition for writ of habeas corpus (the "Petition") filed in this case pursuant to 28 U.S.C. § 2254 was dismissed on February 29, 2008. More than seven years later, Jamar B. Perry ("Petitioner"), through privately retained counsel, filed what was entitled "Jamar Perry's Independent Action for Relief From Final Order or, in the Alternative, Motion for Relief From Final Order Pursuant to Rule 60 F.R.Civ.P" (the "Motion"). ECF No. 31. The Motion was referred to a United States Magistrate Judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. The District Attorney filed a response to the Motion. ECF No. 34. Petitioner filed a reply. ECF No. 35.

The magistrate judge's Report and Recommendation (the "Report"), ECF No. 36, filed on September 2, 2014, recommended that the Motion be denied. Petitioner's counsel filed objections on September 16, 2014. ECF No. 37. The court concludes that none of the objections merits rejection of the Report or extended comment. Indeed, the objections in many instances are not accurate reflections of the record.

Petitioner objects that the Report "has the facts wrong" because Petitioner "did not rely solely on findings in 2013 that Mr. Perry was incompetent to support his argument for equitable tolling." ECF No. 37 at 2. Petitioner incorrectly perceives that the magistrate judge found him to have relied solely on the fact that he was found incompetent in order to satisfy his burden of proving entitlement to equitable tolling. In the Report, the magistrate judge did not make that finding.

First, in the introductory section of the Report, it was noted that "[p]etitioner, through counsel, filed a reply, asserting, *inter alia*, that on May 16, 2013, Petitioner was ruled incompetent to stand trial on charges of assault by Judge Jeffrey Manning of the Court of Common Pleas of Allegheny County and arguing that such a finding merits equitable tolling for the entire period that Petitioner would need to have tolled in order for his 2006 Petition to be timely." ECF No. 36 at 2. The use of "inter alia" in the Report in the quoted sentence (which means "among other things"), clearly demonstrates that the magistrate judge in the Report did not, as Petitioner asserts, wrongly characterize that Petitioner relied solely on findings in 2013 that Petitioner was incompetent. In the Report, in addition to considering the recent finding of incompetency, there is a separate analysis of the claim of Petitioner's "life long history of mental illness[.]" Id. at 11 – 13. The Report contains a separate analysis of the significance of the fact that Petitioner was found incompetent in May 2013. Id. at 13. The Report set forts an analysis of both the alleged mental illness and mental incompetence in relation to equitable tolling and, in doing so, repeatedly uses the phrase "Petitioner's mental illness and/or his later declared mental incompetence" to indicate that both were considered in the Report in finding that Petitioner

2

failed to carry his burden to show entitlement to equitable tolling. This is simply one example in the objections of Petitioner's not accurately reflecting what the Report actually concluded. Accordingly, this objection is overruled.

The next objection is Petitioner's assertion that under Brady v. Maryland, 373 U.S. 83 (1963), and Commonwealth v. Williams, 732 A.2d 1167 (Pa. 1999), Respondents have a constitutional duty to produce to this court Petitioner's "record of mental illness." ECF No. 37 at 3. The United States Court of Appeals for the Third Circuit, however, has explained that, with respect to post-conviction proceedings, "Gibson [the former convict-appellant] has pointed to no constitutional duty to disclose potentially exculpatory evidence to a convicted criminal after the criminal proceedings have concluded and we decline to conclude that such a duty exists." Gibson v. Superintendent of NJ Dept. of Law and Public Safety-Division of State Police, 411 F.3d 427, 444 (3d Cir. 2005), *overruling on other grounds recognized by*, Dique v. NJ State Police, 603 F.3d 181, 183 (3d Cir. 2010). Hence, Petitioner's assertion that there is some duty under Brady for the Respondents in this post-conviction § 2254 habeas proceeding (which is after the criminal proceedings for Petitioner concluded) to produce evidence is simply wrong.

Even if the duty of a prosecutor under Brady to disclose exculpatory material extends to all post-conviction proceedings potentially related to a prisoner's prior conviction, the duty would be to make the disclosures to the defendant and here, Petitioner could submit the evidence of his mental illness and incompetence. Petitioner's mental health records are certainly accessible to his counsel – even if not to him due to his incarcerated status and to security concerns about Petitioner possessing his mental health records in an unredacted form. Given

3

Petitioner's knowledge of his mental illness and his or his counsel's ability to access those mental health records (even if redacted due to security concerns), "'"[t]here is no *Brady* violation where the information is equally accessible to the defense and the prosecution, or where the defense either had the information or could have obtained it through the exercise of reasonable diligence.'"" Clark v. Secretary, Fla. Dept. of Corr., No. 3:10–cv–547, 2014 WL 4059131, at 29 (M.D.Fla. Aug. 14, 2014) (quoting Freeman v. State, 761 So.2d 1055, 1062 (Fla. 2000)(quoting Provenzano v. State, 616 So.2d 428, 430 (Fla. 1993))).

Lastly, with respect to Petitioner's invocation of Brady, it appears that Petitioner does not so much seek to have his mental health records disclosed to him as much as he seeks to have the obligation to pay for, and produce to this court, his apparently voluminous mental health records shifted to the Respondents under Brady in order to permit Petitioner to carry his burden to show entitlement to equitable tolling without the costs of producing those records being incurred by Petitioner. See ECF No. 37 at 3 ("The Respondents have a duty to disclose that [mental health] information **to the Court**[.]") (emphasis added). Whatever the extent of obligations under Brady, there is no caselaw support for imposing a burden on Respondents to produce Petitioner's mental health records to this court in order to assist Petitioner in carrying his burden to adduce evidence that he is entitled to equitable tolling. Petitioner's contention that the magistrate judge erred in not placing on the Respondents "the burden of disclosure" to show that Petitioner "is/was competent during the relevant period," id. at 11, must be rejected.

Petitioner repeats throughout his Petition, which does not directly object to any specific finding in the Report, the assertion that "at all times relevant to the criminal proceedings [Plaintiff] was incompetent." Id. at 3. To the extent that Petitioner is claiming as a ground for relief that he was incompetent either to stand trial for the crimes of which he was convicted and which were subject to attack by the habeas petition denied by this court, or incompetent at the time of the commission of those crimes, i.e., criminally insane, such a claim was never presented in the habeas petition and apparently never raised in any of the state court proceedings. Thus, this claim is unexhausted and it is inappropriate for this court to entertain that claim.

To the extent that Petitioner seeks a retroactive competency determination by this court,[1] finding him to be incompetent in April 1999 to stand trial, he cannot come to this court in the first instance; rather, he must present such a claim to the state courts in the first instance. Petitioner certainly cannot seek such a retroactive competency determination in a Rule 60 motion because such a new claim clearly would constitute a second or successive petition for which he must have the approval of the court of appeals. To the extent Petitioner seeks to establish his incompetency at the time of his state trial so as to merit equitable tolling of the AEDPA statute of

---

[1] Petitioner argued: "Although Mr. Perry was found incompetent in 2013, this Court can easily make a retrospective competency determination in a case like this where the evidence points to the conclusion that the petitioner was incompetent at all times relevant to the prosecution of the homicide case." ECF No. 37 at 7.

limitations for all periods thereafter, the magistrate judge correctly determined that Petitioner simply failed to adduce evidence to meet his burden.[2]

Petitioner repeatedly asserts that it should not be his burden to demonstrate his entitlement to equitable tolling and that he is entitled to a presumption of equitable tolling. ECF

---

[2] Petitioner points to various items in the record as demonstrating that he was incompetent at the time of the PCRA evidentiary hearing in order to merit equitable tolling. ECF No. 37 at 8 – 9 ("The hearing transcript is replete with evidence of irrational behavior and Mr. Perry's demeanor at the hearing is evidence of incompetency."). The record does not support that argument. Petitioner points to, *inter alia*, the facts that Petitioner refused standby counsel and informed the court that he could not understand what the prosecutor was saying. ECF No. 37 at 9 n.1. Refusal of standby counsel, whom Petitioner was dissatisfied with does not evidence incompetency. Petitioner now suggests that Petitioner's assertion at the PCRA hearing that he could "not understand what the prosecutor was saying" is evidence of his incompetency. Reading the transcript of the PCRA hearing, it is clear that Petitioner asserts that he does not understand what the prosecutor is saying because he could not comprehend the prosecutor's accented English, and **not** due to any deficit in Petitioner's intellect as suggested in the objections. Lastly, the superior court implicitly found Petitioner competent at the time of the PCRA proceedings and hearing when it found that Petitioner validly waived his right to counsel at the PCRA hearing. ECF No. 13-6 at 36-37. See, e.g., Hance v. Zant, 696 F.2d 940, 947 (11th Cir. 1983)("The trial court found by a preponderance of the evidence that Hance was properly advised of his rights, that he understood those rights, and that he voluntarily signed a written waiver of those rights. Implicit in this finding is the factual determination that Hance was mentally competent to waive his rights."), *overruled on other grounds by*, Brooks v. Kemp, 762 F.2d 1383 (11th Cir. 1985), *cert. granted and judgment vacated by*, Kemp v. Brooks, 478 U.S. 1016 (1986). Accord Fuller v. Wenerowicz, No. CIV.A. 13-535, 2014 WL 904297, at *9 (W.D.Pa. Mar. 7, 2014) ("The state courts implicitly found Petitioner was competent. This is because the state courts permitted him to undergo trial and convicted him and it is unconstitutional to try and convict an incompetent person…. Such an implicit factual finding that Petitioner was competent to stand trial and, consequently, to waive rights, by the state courts is presumptively correct and Petitioner has not rebutted the presumed correctness of this state court finding of competency.") (citations and footnote omitted).

No. 37 at 11 ("the burden should shift to the Respondents. . . ); id. at 17 ("Petitioner objects to page 12 [of the Report] which states that Petitioner has the burden. . . ."). In the Report the magistrate judge correctly addressed this issue. There is no authority set forth in the objections to support Petitioner's argument that he should not bear that burden and there is nothing to show that Petitioner successfully carried that burden. In the Report it is noted that Petitioner, citing Holland v. Florida, 560 U.S. 631 (2010), asserted that there was a change in the law and, as such, Petitioner was entitled to relief based on Holland. The magistrate judge commented that Petitioner was not clear about what his arguments were under Holland, ECF No. 36 at 8, and addressed two possible arguments that Petitioner could be making. Petitioner, in his objections notes that the Report found his arguments unclear and then asserts "[l]et's clarify it." ECF No. 37 at 16. Petitioner's "clarification" does not clarify his arguments under Holland.

In Holland, the Supreme Court determined that equitable tolling could be applied in appropriate cases for the purpose of determining whether the AEDPA's statutory limitations period has run. 560 U.S. at 645. In doing so, the Court reaffirmed "that a nonjurisdictional federal statute of limitations is normally subject to a 'rebuttable presumption' in favor 'of equitable tolling.'" Id. at 645-46 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)). Perry asserts that had Holland been the law when he filed his 2006 habeas application this court, instead of dismissing the petition, would have tolled the AEDPA's statute of limitations given Perry's mental illness and confinement in a RHU. ECF No. 31 3-5, 17-20. Holland, however, is not an intervening change in the law within the Third Circuit.

Holland did not represent an intervening change in the law with respect to Perry's motion. In holding "that § 2244(d) is subject to equitable tolling in appropriate cases," the Supreme Court in Holland explained that it was reaching the same conclusion as the eleven courts of appeals to have already considered the question, including the Court of Appeals for the Third Circuit. Holland, 560 U.S. at 645 (citing Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)). In Miller, the Third Circuit Court of Appeals held that "Congress intended the one year period of limitation [of § 2244(d)] to function as a statute of limitation, and thus be subject to equitable tolling." Miller, 145 F.3d at 618. As such, equitable tolling of the § 2244(d) statute of limitation has been proper within the Third Circuit since 1998, eight years prior to Perry's § 2254 habeas petition at issue. To support the "rebuttable presumption in favor of equitable tolling" on which Perry relies, the Court in Holland quoted its own 1990 decision in Irwin v. Department of Veterans Affairs. Holland, 560 U.S. at 646 (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990)). This court cited both the Miller and Irwin decisions in its analysis of Perry's November 2006 habeas petition before finding that equitable tolling did not apply. See ECF No. 27 at 12-13. As such, the intervening change in constitutional law marked by Holland, which would not have altered the analysis of Perry's prior habeas petition, does not support a finding of extraordinary circumstances justifying the reopening of the final judgment dismissing it.

The next objection is Petitioner's complaint about the treatment in the Report of his claim concerning his trial counsel being constitutionally ineffective for failing to consult with petitioner about the advantages and disadvantages of filing the notice of appeal. ECF No. 31 at

15. In the Report the magistrate judge noted that this precise issue was not raised in the habeas petition and thus, the present Rule 60 motion is a second or successive § 2254 habeas petition over which this court lacks jurisdiction. Petitioner objects that the issue raised above in the Rule 60 Motion was actually the same issue previously raised in the habeas petition, namely, "1. Trial [and] Appellate counsel was ineffective for . . . for abandoning Petitioner without leave of Court or Notice of Withdrawal being provided or filing [a] timely notice of appeal of Petitioner[']s claims." ECF No. 2 at 2. Specifically, Petitioner asserts that the Report "concocts some difference between a claim of attorney abandonment at the critical appeal stage and a claim that the attorney did not discuss the advantages and disadvantages of filing a notice of appeal." ECF No. 37 at 9.

This objection is overruled. There is a difference in the factual bases and the legal analyses between a claim of being abandoned by counsel at the appeal stage and a claim of ineffectiveness of counsel for failing to consult with a client about the advantages and disadvantages of filing an appeal. Compare United States v. Cronic, 466 U.S. 648 (1984) (complete denial of counsel at a critical stage of proceedings does not require a showing of prejudice as is typical for a claim of ineffectiveness under Strickland), and Workman v. Wasden, No. 1:08-CV-00052, 2011 WL 3925078, at *4 (D.Idaho, Sept. 7, 2011) ("Respondents argue that Petitioner exhausted this claim only to the extent that he relies on the standard of law from *Cronic* and not *Strickland*. The Court has reviewed the state court record and agrees. In the Idaho appellate courts, Petitioner claimed that prejudice should be presumed because his counsel abandoned him, and he did not attempt to argue that he was actually prejudiced by counsel's

alleged errors.") (citations omitted) with Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000) (setting forth the standard for analyzing the question of counsel's ineffectiveness for failing to consult with client about an appeal). Even Petitioner, acting pro se, apparently was aware of the difference between a claim of ineffectiveness under Strickland and a claim of abandonment on appeal under Cronic. See ECF No. 13-3 at 31 (citing Cronic as having "recognized a narrow category of cases where prejudice is presumed"). Petitioner's assertion that the Report "concocted" some difference between the two separate claims, one of abandonment and the other of failure to consult, is without merit.

Even if it is assumed that the Report had "concocted" a difference, this assumption would not change the outcome of the decision to deny the Rule 60 motion because if the two claims were the same, as Petitioner argues, that means that prior decision finding the habeas petition to be time barred would apply equally to the claim of failure to consult with Petitioner about the appeal. Hence, the claim, whether new or old, would not afford Petitioner relief as it was time barred.

Petitioner objects to that fact that no hearing was held by the magistrate judge. ECF No. 37 at 18. No hearing needed to be held because the record is sufficient to deny the Rule 60 motion.

Petitioner objects to the finding in the Report that Petitioner failed to address the alternative ground for denying the habeas petition, namely, that Petitioner procedurally defaulted all his potential claims because the PCRA Petition he filed was held to be untimely by the state courts.

10

Petitioner contends that he did attack the alternative ground and points to pages 16 to 17 of the Rule 60 Motion. ECF No. 37 at 5. Even if he did so, Petitioner's arguments are unavailing. His argument in essence is that "the PCRA Court erred when it found Mr. Perry's PCRA to be untimely." ECF No. 37. This court cannot entertain an argument that a state court committed an error of state law in deciding this issue of state law. Wainwright v. Goode, 464 U.S. 78, 84 (1983) (stating that federal courts are bound by a state court's interpretation of state law); Lyda v. Gibson, 172 F.3d 879 (Table), 1999 WL 107116, at *1 (10th Cir. 1999); see McCormick v. Kline, 572 F.3d 841 (10th Cir. 2009). Petitioner's argument that attorney abandonment excuses the procedural default, id., does not warrant the relief he requests. "It is appropriate for a district court, when ruling on Rule 60(b)(6) motion where the merits of the ineffective assistance claim were never considered, prior to judgment, to assess the merits of that claim." Cox v. Horn, 757 F.3d 113, 124 (3d Cir. 2014). Petitioner was already found to have failed to meet his evidentiary burden in proving his ineffective assistance of counsel claims by the PCRA court in December 2004. The PCRA court's determination, subsequently affirmed by the Pennsylvania Superior Court, shows that these claims "of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel" are not deserving of a remedy under Rule 60(b)(6). Id. at 125. Considerations of finality and repose, which "become stronger the longer a decision has been settled," militate against disturbing Petitioner's conviction of over fifteen years ago and initial habeas proceeding which concluded over six years ago. Id.

Perry has not been diligent in pursing the review of his claims. He waited to file his initial PCRA petition for more than two years after the resolution of post-trial motions following

his conviction, with no action taken in the interim. Even more extreme, Perry waited over six years after the dismissal of his § 2255 habeas petition in February 2008 to file the instant Rule 60 motion. Diligence cannot be found in the face of these delays for which Perry cannot be said to be faultless. Considering all these factors together, there is no support for a finding of extraordinary circumstances justifying relief under Rule 60(b)(6).

Petitioner's assertion that his "mental illness is so severe that [he] cannot understand the requirements of the AEDPA, much less satisfy them," ECF No. 31 at 19, is not sufficient. Concerning Perry's asserted "extremely severe form of mental illness," ECF No. 35 at 2, Perry's trial counsel described Perry's condition as "Attention Deficit Disorder," ECF No 35-4 at 5, and Perry offered no support for any more severe diagnosis. Even accepting that Perry is in some way mentally incompetent, the Third Circuit Court of Appeals has held that a district court's determination that a Rule 60(b)(6) motion filed after nearly two years was not brought within a reasonable time, despite the petitioner's claim of mental incapacity, was not an abuse of discretion. Owens v. Pravenzaro, 536 F. App'x 180 (3d Cir. 2013). The Third Circuit Court of Appeals has provided a test for the scenario in which a claim of mental impairment is offered as a basis for equitably tolling the statute of limitations in § 2244(d), explaining that "'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." Champney v. Sec'y Pennsylvania Dep't of Corr., 469 F. App'x 113, 117 (3d Cir. 2012) (quoting Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)). Here, Petitioner offers no description of any causal link between any mental illness he may have and his six-year delay in filing the Rule 60(b) motion.

Lastly, Petitioner contends that the alleged "***Brady*** violation for failing to disclose the mental illness excuses the procedural default." ECF No. 37 at 6. There was no Brady violation at the PCRA stage of Petitioner's proceedings for the same reason there was no Brady violation at the habeas stage of Petitioner's proceedings; namely, Petitioner or his PCRA counsel had access to Petitioner's mental health records, which was at least equal to the prosecution's access to those records at that time of the PCRA proceedings. The habeas petition was properly denied on the ground of Petitioner's procedural default for failing to file a timely PCRA petition and this is true even if Petitioner had argued that the procedural default ground was erroneous in the Rule 60 Motion.

The remaining objections do not warrant further discussion.

The objections are overruled and the court will adopt the Report and Recommendation. An appropriate order will be entered.


/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

Dated: December 5, 2014